## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

Susan Vigus, individually and )
on behalf of all others similarly situated, )
)
    Plaintiffs, )
) Cause No. *1322. CC 09554*
vs. )
) Division
Caribbean Cruise Line, Inc., )
a Florida corporation, )
Serve at:     2419 East Commercial Blvd., )
                Suite 100 )
                Fort Lauderdale, FL  33308 )
)
and )
)
The Berkley Group, Inc., )
a Florida corporation, )
Serve at:     3015 N Ocean Boulevard )
                Fort Lauderdale, FL  33308 )
)
And )
)
Robert P. Mitchell, )
Serve at:     3015 N Ocean Boulevard )
                Fort Lauderdale, FL  33308 )
)
And )
)
DOEs 1-10, )
)
    Defendants. )

DATE: 9/12/2012
HOUR: 1010
DEPUTY SHERIFF *[illegible signature]* 141732

### CLASS ACTION PETITION

    COMES NOW Plaintiff Susan Vigus, on behalf of herself and all others similarly situated

(hereinafter sometimes referred to as "Plaintiffs" and "the Class"), and for her Petition against

Defendants, states as follows:

### INTRODUCTION

    1.    This action is brought against Defendants for, *inter alia*, violation of the Telephone


EXHIBIT
A
△ Notice Removal

Consumer Protection Act, 47 U.S.C. 227, *et seq.* ("TCPA") based on Defendants' actions which are in violation of the TCPA by making unsolicited telemarketing robo-calls to Plaintiff and the Class offering a "free" cruise package from Caribbean Cruise Line, Inc. in exchange for taking a supposed political survey. Further, upon information and belief, the purported "free" cruise is also designed to expose the passenger to a timeshare sales presentation for timeshare properties owned and/or operated by Defendant The Berkley Group.

      2.     As alleged herein, the supposed political survey is a marketing scheme used in an effort to evade the prohibitions of the TCPA and other consumer privacy laws.

      3.     Upon information and belief, Defendants have unlawfully contacted thousands of class members on their cellular telephones to offer the class members a "free" cruise package from Caribbean Cruise Line, Inc., in exchange for taking a survey. On June 1, 2012, the Maine Attorney General issued a statement, stating in relevant part:

> Political Survey Robo-Call Scam Alert
>
> Attorney General William J. Schneider is warning consumers about a sham political robo-call that disguises a vacation timeshare pitch as election poll questions.
>
> A group called Political Opinions of America uses an automated voice to ask a three question "poll". After answering, Caribbean Cruise Lines comes on the line and offers the consumer a free cruise for taking the survey. The free offer requires a "port fee or tax" to be paid by credit card over the phone. Allegedly, the cruise is design to expose people to sales pitches for vacation timeshares.

*See* www.maine.gov/tools/whatsnew/index.php?topic=Portal+News&id=385027&v=article-2011 (last viewed on July 10, 2012). Further, on March 21, 2012 the Washington Attorney General's public affairs unit posted a warning on the attorney general's website, stating in relevant part:

> Consumer alert: Don't be carried away by "the Love Boat scam"
>
> A member of our staff recently received an unsolicited "ROBO" call

presented as a political poll. But the political poll was a head-fake. Instead, she was "given the opportunity" for a two-day cruise to the Grand Bahamas. All she had to do was pay a government port tax of just $59 per person. And when she asked for written information about the cruise, she was told that the company had none to send out, she had to sign up immediately and provide her credit card information to the caller.

\* \* \*

"A 'free' cruise, which isn't really free, will send you sailing on a sea of frustration," said Washington State Attorney General's Office Consumer Protection Chief Doug Walsh. "Add the patent illegality of commercial robo-calling and misrepresentations that it's a political poll, and you know you won't be joining Gopher or Capt. Stubing on the Love Boat. But you might be sailing on the Titanic Scam-Liner to financial doom."

*See* http://www-dev.atg.wa.gov/BlogPost.aspx?id=29592 (last visited on July 10, 2012).

4.      Upon information and belief, Political Opinions of America (POA) is a creation of the Defendants, and is a front which Defendants use in an attempt to evade the prohibitions of the TCPA, so that Defendants can use telemarketing to sell purported "free" cruise packages and expose people to timeshare marketing pitches. Upon information and belief, POA is one of a number of fake surveys groups set up by Defendants for these purposes.

5.      Upon information and belief, the telemarketing robo-calls are made on behalf of and/or at the direction of Defendants and therefore each of the Defendants is liable for violating the TCPA's prohibition on calling cellular telephones using an automatic telephone dialing system and/or a prerecorded voice without Plaintiff's and the Class' prior express consent.

## PARTIES

6.      Plaintiff Susan Vigus is a resident of the State of Missouri.

7.      Defendant Caribbean Cruise Line, Inc. ("CCL") is a corporation organized and existing under the laws of the State of Florida.

8.  Defendant The Berkley Group, Inc. is a corporation organized and existing under the laws of the State of Florida.

9.  Upon information and belief, Defendant Robert P. Mitchell is resident of the State of Florida and is the director and president of CCL. Upon information and belief, Defendant Mitchell had actual or constructive knowledge of, and/or participated in, the actions described herein which violated the TCPA.

10. Upon information and belief Does 1-10 are persons and/or entities affiliated with, or employed by, one or more of the named Defendants, who participated in and/or had actual or constructive knowledge of the violations alleged herein, and will be identified through appropriate discovery.

## VENUE AND JURISDICTION

11. This court has personal jurisdiction over Defendants because Defendants transact business within this state, have made contracts within this state, and/or have committed tortious acts within this state and otherwise have sufficient minimum contacts with the State of Missouri. Further, the amount in controversy is less than $75,000.00 per class member. This Court has jurisdiction over this case pursuant to 47 U.S.C. §227(b)(3).

12. Venue is proper in the City of St. Louis pursuant to §508.010 RSMo..

## GENERAL ALLEGATIONS

13. Plaintiff has cellular telephone service.

14. Defendants or their agents contacted Plaintiff by calling Plaintiff's cellular telephone multiple times using an automatic telephone dialing system and a prerecorded voice to deliver a message. The prerecorded calls indicated that

Plaintiff would receive two free cruise tickets in exchange for taking the automated survey.

15. The calls to Plaintiff were not made for an emergency purpose.

16. Defendants did not have the prior express permission of Plaintiff to make such telephone contact.

17. Upon information and belief, Defendants or their agents initiated the same or substantially similar telephone calls to numerous other cellular telephone lines in the United States using an automatic telephone dialing system and/or an artificial or prerecorded voice to deliver a message without the prior express permission of the called parties.

18. As a direct and proximate result of Defendants' or their agent's initiating of said telephone calls to Plaintiff and the Class, Plaintiff and the Class have sustained damages.

## CLASS ALLEGATIONS

19. Pursuant to Mo. S. Ct. Rule 52.08, Plaintiff brings this action on her own behalf and on behalf of a Class consisting of:

> All cellular telephone line holders in the United States to whom was initiated, by or on behalf of Defendants, any telephone call to the line holder's cellular telephone line using any automatic telephone dialing system and/or an artificial or prerecorded voice to deliver a message without the prior express consent of the called party during the four years immediately preceding the filing of the Petition herein.

20. The members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands class members

whose telephone numbers can be ascertained from the records and files of Defendants or their agents or from other sources. Plaintiff's counsel does not anticipate any difficulties in the management of the action as a class action.

21. Common questions of law or fact predominate over any questions affecting individual members of the Class. Common questions include, but are not limited to:

    a. Whether Defendants engaged in the acts alleged;

    b. Whether the telephone calls initiated by Defendants contained an artificial or prerecorded voice;

    c. Whether Defendants' actions were willful or knowing within the meaning of 47 U.S.C. §227(b)(3);

    d. Whether Plaintiff and the Class are entitled to damages, treble damages and/or injunctive relief.

22. Plaintiff's claim is typical of the claims of the Class in that her claim arises under 47 U.S.C. §227 from the same practice or course of conduct that gives rise the claims of the other Class members. Further, a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

23. Plaintiff is a member of the Class and will fairly and adequately assert and protect the interests of the Class. The interests of Plaintiff are coincident with, and not antagonistic to, those of the other members of the Class. Plaintiff has retained attorneys experienced in class action and complex litigation.

24. The prosecution of separate actions by individual members of the class would create a risk of:

    a.     inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for Defendants, and/or

    b.     adjudications with respect to individual members of the Class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25.    Defendants have acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

## COUNT ONE - TCPA

26.    Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

27.    Plaintiff has cellular telephone service.

28.    Defendants or their agent(s) knew they were initiating the telephone calls using an automated telephone dialing system and/or an artificial or prerecorded voice to deliver a message.

29.    Defendants or their agent(s) voluntarily engaged in initiating the telephone calls using an automated telephone dialing system and/or an artificial or prerecorded voice to deliver a message.

30.    Defendants or their agent(s) willfully or knowingly violated the regulations prescribed under 47 U.S.C. §227(b) and therefore should be required to pay three times the amount of available statutory damages under 47 U.S.C. §227(b)(3)(B).

31.   As a direct and proximate result of Defendants' actions described herein, Plaintiff and the Class have sustained damages.

## COUNT II - INJUNCTIVE RELIEF

32.   Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

33.   As provided by 47 U.S.C. §227(b)(3)(A) Defendants or their agent(s) should be permanently enjoined from calling Plaintiff's and the Class' cellular telephones using any automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express permission of the called party.

34.   Allowing Defendants to continue to initiate said telephone calls will cause further injury and damages to Plaintiff and the Class as well as other persons and entities who are not yet members of the proposed Class.

## COUNT III – DECLARATORY JUDGMENT

35.   Plaintiff incorporates by reference all allegations of all preceding paragraphs as if fully set forth herein.

36.   Through their use of purported surveys at the beginning of the telemarketing robo-calls described herein, Defendants are attempting to evade the prohibitions of the TCPA which prohibits telephone calls to cellular telephones using any automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express permission of the called party.

37.   As a result of Defendants' actions, described herein, a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, and Plaintiff and the Class have legally protectable interests at stake.

38.     A declaration that Defendants' actions, as described herein, violate the TCPA is warranted.

### COUNT IV – TCPA – Negligent Violation

### (In the Alternative)

39.     Plaintiff incorporates by reference all allegations of all paragraphs 1-27 as if fully set forth herein.

40.     Defendants or their agent(s) negligently engaged in initiating the telephone calls using an automated telephone dialing system and/or an artificial or prerecorded voice to deliver a message.

41.     Defendants or their agent(s) negligently violated the regulations prescribed under 47 U.S.C. §227(b).

42.     As a direct and proximate result of Defendants' actions described herein, Plaintiff and the Class have sustained damages.

### Prayer for Relief

WHEREFORE, Plaintiff and the Class state that they have been damaged, for which damage they demand judgment in their favor and against Defendants and pray for an Order of the Court:

a.     Certifying this case as a class action under Mo. S. Ct. Rule 52.08, with the class certified as:

> All cellular telephone line holders in the United States to whom was initiated, by or on behalf of Defendants, any telephone call to the line holder's cellular telephone line using any automatic telephone dialing system and/or an artificial or prerecorded voice to deliver a message without the prior express consent of the called party during the four

years immediately preceding the filing of the Petition herein.

b.    Appointing Plaintiff and her counsel to represent the Class;

c.    Entering an Order enjoining Defendants from the acts and practices described herein;

d.    Issuing declaratory judgment that Defendants' actions, as described herein, violate the TCPA's prohibition on making telephone calls to cellular telephones using any automatic telephone dialing system and/or an artificial or prerecorded voice without the prior express permission of the called party.

e.    Entering judgment against Defendants and in favor of Plaintiff and the Class in an amount equal to the full amount of statutory damages allowed under 47 U.S.C. §227(b)(3).

f.    If the Court finds Defendants acted knowingly or willfully, entering judgment against Defendants and in favor of Plaintiff and the Class in an amount equal to the full amount of statutory damages allowed under 47 U.S.C. §227(b)(3), including treble damages;

g.    Entering an award of prejudgment interest at the highest lawful rate;

h.    Requiring Defendants to pay attorneys' fees and costs of Plaintiff and the Class; and

i.    For such further relief as this Court deems just and proper.

Respectfully submitted,

Joseph V. Neill, #28472
**Attorney at Law**
5201 Hampton Avenue
St. Louis, Missouri 63109
314-353-1001
314-353-0181 fax
Neill5300@aol.com

John S. Steward, #45932
**STEWARD LAW FIRM, LLC**
1717 Park Avenue
St. Louis, Missouri 63104
314-571-7134
314-594-5950 fax
Glaw123@aol.com

Max G. Margulis #24325
MARGULIS LAW GROUP
28 Old Belle Monte Rd.
Chesterfield, MO 63017
Telephone: (636) 536-7022
Fax:  (636) 536-6652
E-Mail: MaxMargulis@margulislaw.com

OF COUNSEL:
Brian J. Wanca (pro hac vice to be submitted)
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Fax: (847) 368-1501